Case: 1:19-cv-05393 Document #: 1 Filed: 08/08/19 Page 1 of 8 PageID #:1

[If you need additional space for ANY section, please attach an additional sheet and reference that section.]

PK

MARY A. GRAYER )
           Plaintiff )
                    )
                    )
v.                  )
Shorebank, Urban Partership )
Bank and successor entities, MRF )
and successor assignees, Ocwen )
Loan Servicing and successor )
Servicers, and Agents, employees )
And officials Thereof.   COMPLAINT

RECEIVED
2019 AUG -8 PM 3:44
U.S. CLERK
DISTRICT

United States District Court
Northern District of Illinois

1:19-cv-05393
Judge Charles P. Kocoras
Magistrate Judge Jeffrey T. Gilbert

Jury Demand

1. Plaintiff brings this action Pro Se seeking redress from multiple unlawful acts committed by one or more of the above Defendants by their Agents, employees or officials during the period of December 2009 through the present time.

2. The unlawful acts involve breach of contract and fiduciary duty, negligence, fraud, misrepresentation, conspiracy, civil conspiracy, violation of certain state and federal banking and consumer laws and regulations, mail and wire fraud, theft, misappropriation and conversion of funds.

**FILED**

AUG -8 2019

THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT

Mary A. Grayer
v. Shorebank, et al.

3. One or more of the Defendants also improperly or illegally transferred or assigned the note and mortgage for the subject property on one or more occasions.

4. One or more of the Defendants proceeded with a foreclosure on the property (Feb. 2015) though they were unable to provide a clear chain of title to the property as required by state statute. (2015 CH 1782)

## Jurisdiction and Venue

5. This Court has jurisdiction of this matter because Defendants have violated numerous Federal laws (28 U.S.C. Sec. 1331 and others).

6. Venue in this District is proper because four (4) of the Defendants transact business in this District.

- 2 -

Mary A. Grayer
v. Shorebank, et. al.

## Parties

7. Plaintiff, Mary A. Grayer, resides in a home that she owns in Chicago, IL.

8. Shorebank was a corporation until Aug. 20, 2010, when it went into FDIC receivership and Urban Partnership Bank was formed and assumed its banking functions.

9. MRF Illinois is an Illinois Corporation.

## Facts

10. Plaintiff had a residential mortgage loan that was owned and serviced by Shorebank from March 19, 2008 until September 15, 2013.

11. MRF Illinois allegedly purchased the note on Aug. 14, 2013. Servicing of the account was transferred to Ocwen Loan Servicing on Sept. 16, 2013.

—3—

Mary A. Granger
v. Shorebank, et. al.

12. MRF allegedly sold the note to Second Opportunity of America, LLC on Feb. 28, 2018

13. Plaintiff did not learn of this until May 8, 2018 when SN Servicing informed me.

14. Plaintiff recently learned that Urban Partnership Bank was bought by Providence Bank earlier this year.

15. Plaintiff entered into a trial modification with MRF on Mar. 1, 2014 – Dec. 31, 2014. All payments were made on time.

16. MRF offered me a permanent modification on or about May 1, 2015.

17. On numerous occasions, I had conversations with Ocwen and submitted a QWR to them requesting clarification and proof that MRF actually owned the note. I also inquired (May – June 2015).

-4-

Mary A. Crayer
v. Shorebank, et al.

18. Plaintiff never received proof that the note had been transferred from Urban Partnership to them. Instead, they sent a copy of an assignment of mortgage from Shorebank (defunct since 8/20/10) to them (dated Mar. 3, 2015) and recorded June 15, 2015.

19. MRF and Ocwen both denied any knowledge of approximately $11,000 of Plaintiff's own funds left in escrow with Shorebank at the closing on March 19, 2008.

20. The failure of both MRF and Ocwen to show proof that they actually owned the note and inform me of the whereabouts of the $11,000 caused Plaintiff to not immediately accept the loan modification offer. Plaintiff would have gladly accepted the modification had they

-5-

provided the requested information. MRF subsequently withdrew the offer. Their fraudulent conduct caused me to miss that opportunity to save my home.

21. On or about June 9, 2017, Plaintiff contacted an official at Urban Partnership and inquired about the escrow money and note. He stated during the conversation that the sale price of the note included everything. On June 12, 2017 he provided me an account statement showing approximately $11,000 had been forwarded to MRF/Ocwen. Ocwen continued to deny any knowledge of the funds.

22. Plaintiff contacted UPB again on Aug. 8, 2017 and spoke to Mr. Will Hicks, the same official (Operations Manager).

-6-

MARY A. GRAYER
V. SHOREBANK, et al.

He then informed me he had erred by stating the funds were forwarded to Ocwen and that they still had them. He offered me the funds in settlement at that time. I declined because MRT had filed a Motion for Summary Judgment. I instructed him to hold the funds until there was a resolution in court.

23. A subsequent review of Ocwen documents show an amount of $10,000+ showing as hazard funds (insurance proceeds). There was NEVER an insurance payment received.

24. These illegal acts constitute flagrant violations of federal and state statutes and regulations.

25. Also MRT has yet to provide definite proof of when they acquired the note from UPB.

26. Because of Defendants' Fraud—Fraudulent concealment tolling should apply.

—7—

Mary A. Grayer
V. Shorebank

## Prayer for Relief

Wherefore Plaintiff, Mary A. Grayer, respectfully requests that the Court enter an order granting Judgment against the Defendants for the following:

A. For Actual damages.
B. For Statutory damages
C. For Punitive damages
D. For all other relief the Court may deem just and proper.

## Jury Demand

Plaintiff hereby demands trial by jury.

Dated: August 8, 2019

Mary A. Grayer
Pro Se
7924 S. Clyde Ave
Chicago, IL 60617
(312) 914-1962

-8-